**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4693**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTOINE JUAN THORPE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00090-TDS-1)

Submitted:  April 25, 2019                          Decided:  April 29, 2019

Before FLOYD and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Eugene E. Lester III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Juan Thorpe appeals his convictions and 150-month sentence based on his guilty plea to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2012). On appeal, counsel for Thorpe filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Thorpe's Armed Career Criminal Act ("ACCA") enhancement for his § 922(g) sentence was error. The Government did not respond to the *Anders* brief but has moved to dismiss the appeal in part based on Thorpe's waiver of appellate rights in his plea agreement. Thorpe did not file a supplemental pro se brief, despite notice of his right to do so. We grant the motion to dismiss the appeal in part, dismiss in part, and affirm in part.

Thorpe waived his appellate rights to challenge his conviction and sentence except for claims of ineffective assistance of counsel, prosecutorial misconduct, a sentence in excess of the statutory maximum, or a sentence based on an unconstitutional factor. "We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). To determine whether a waiver is knowing and intelligent, this Court examines "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Thorpe declined to respond to the Government's motion to dismiss and does not argue in his *Anders* brief that the appellate waiver is not valid. He argues that his ACCA claim falls outside the scope of the waiver because his 150-month sentence exceeds the ten-year statutory maximum under 18 U.S.C. § 924(e)(1). We conclude that Thorpe validly waived his right to appeal and agree with Thorpe that the issue raised in his *Anders* brief falls outside the compass of the waiver.

Thorpe argues that the three predicate offenses used for his ACCA enhancement occurred in a limited geographic area and on the same night and early morning and therefore did not occur on different occasions. We review de novo the district court's finding that predicate offenses were committed on separate occasions. *United States v. Linney*, 819 F.3d 747, 751 (4th Cir. 2016). The Government bears the burden of showing that "each offense arose out of a *separate and district criminal episode*. That is, each predicate offense must have a beginning and an end, such that they each constitute an occurrence unto themselves." *Id.* (citation and internal quotation marks omitted.) We consider five factors in analyzing the district court's finding. *Id.* Upon review of the record, we discern no error by the district court. The district court considered the correct factors and correctly found that Thorpe's predicate offenses occurred on different occasions. We therefore affirm Thorpe's sentence.

In accordance with *Anders*, we have reviewed the record in this case and have identified no unwaived meritorious issues for appeal. We therefore grant the Government's motion to dismiss in part, dismiss the appeal in part, and affirm in part. This court requires that counsel inform Thorpe, in writing, of the right to petition the

3

Supreme Court of the United States for further review. If Thorpe requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thorpe. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*